**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

CLINTON PETERSON on his own behalf and
others similarly situated,

                    Plaintiff,

-vs-                                                          Case No.  2:08-cv-72-FtM-29SPC

MERITAGE HOMES OF FLORIDA, INC. a
Foreign Corporation,

                    Defendant.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Joint Motion to Approve Settlement Agreement (Doc. #31) filed on September 26, 2008.  In an Order (Doc. #37) dated November 6, 2008, this Court ordered the parties to file an amended Joint Report Regarding Settlement that included the copy of the settlement agreement signed by all parties and a copy of the Plaintiffs Counsel's billing records. The Amended Joint Report Regarding Settlement (Doc. #44) was filed on September 9, 2008.  The issue is now ripe for review.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement.  In <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised

when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."

In the Joint Motion for Approval submitted by the Parties, (Doc. # 31), the Parties represent that settlement discussions have resulted in a resolution, the settlement has been reached in a bona fide good faith dispute and is deemed fair and reasonable. The Parties indicate they have prepared and executed four (4) separate settlement agreements for the Plaintiff and the opt-in Plaintiffs. The Parties requested the settlement agreements remain under seal in order to keep the terms of the Settlement Agreements confidential. The Court granted the parties' request on October 17, 2008. See Order Doc. #34. Upon review, the Court required Counsel to submit detailed billing records. See Order Doc. #37. The compromise of the original claim reached between the parties, including attorney's fees and costs and the manner in which it is to be distributed, has been outlined before the Court in the settlement agreements and Counsel's billing records. Upon a thorough review of the submitted documents, the Court respectfully recommends that the settlement represents a reasonable compromise to the Plaintiff's claims. The Court further respectfully recommends, pursuant to the agreement between the parties, that the Plaintiff's Counsel's fees and costs are reasonable.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Motion to Approve Settlement Agreement (Doc. #31) should be **GRANTED** and the settlement agreements should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___17th___ day of November, 2008.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record